UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DANIELLE MICHELLE WHITE, | ) | |
| JOHN DOE No. 1, JOHN DOE No. 2, | ) | |
| (minors), | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| V. | ) | NO. 2:14-CV-118 |
| | ) | |
| STATE OF TENNESSEE, STATE OF | ) | |
| VIRGINIA, SHERIFF STEVE BURNS, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This *pro se* civil rights complaint seeks injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 for alleged violations of Amendments II, VIII, and XV of the United States Constitution. The matter was referred to the Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") that the complaint be dismissed, [Doc. 6]. The *pro se* plaintiff, Danielle White ("White") has objected to the R&R, [Docs. 9, 10]. After *de novo* review, consideration of the Magistrate Judge's R&R, plaintiff's objections, and the entire record, and for the reasons set forth below, plaintiff's objections are OVERRULED, the Magistrate Judge's R&R is adopted and approved, and the complaint will be DISMISSED.

The *pro se* plaintiff was convicted to two counts of aggravated assault by a Greene County, Tennessee jury on September 22, 2010. She is apparently now on probation/parole and has been told by her probation supervisor that she may not possess a weapon, including a BB gun and pocket knife. She claims that such a restriction violates her Second Amendment right to keep and bear arms, her Thirteenth Amendment right to be free from involuntary servitude, her

1

right under the First Amendment to the free exercise of her religious beliefs,[1] and that both Tennessee and Virginia are violating her right to vote under the Fifteenth Amendment.

*Pro se* plaintiff raises three objections to the Magistrate Judge's R&R: (1) That her suit against the State of Virginia is not barred by the Eleventh Amendment; (2) that the requirement of her probation/parole that she not have a firearm in her house violates her son's right to own and use firearms; and (3) that felony disenfranchisement statutes are unconstitutional pursuant to *Richardson v. Ramirez*, 418 U.S. 24 (1974).[2]

## I. Eleventh Amendment Immunity

So far as the Court can determine, the only claim by plaintiff against the State of Virginia is that her disenfranchisement as a result of her felony convictions denies her right to vote. The Magistrate Judge found that claim to be barred by Eleventh Amendment immunity. Plaintiff argues that "the Eleventh Amendment only bars citizen suits" but "does not bar 'People of the United States' suits," relying on the Preamble to the United States Constitution.

On its face the Eleventh Amendment bars "any suit in law or equity, commenced or prosecuted against one of the United States." However, in *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court announced an exception to Eleventh Amendment immunity for claims for injunctive relief against individual state officials in their official capacities. Under the *Ex Parte Young* doctrine, an action which seeks prospective relief to end a continuing violation of federal law may proceed. *See MacDonald v. Village of Northport*, 164 F.3d 964, 970-72 (6th Cir. 1999). Plaintiffs do not name any state officials in their official capacities, only the State of Virginia.

---

[1] The complaint raises this claim in only a conclusory and perfunctory manner. The Magistrate Judge's R&R did not address the claim specifically. In any event, the claim is subject to dismissal because plaintiffs do not allege any facts giving the claim "facial plausibility." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

[2] Plaintiff does not object to any other findings and recommendations of the Magistrate Judge and has therefore waived those claims.

2

Even if the Court were to construe plaintiffs' complaint for injunctive relief to be against state officials in their official capacities, plaintiffs' claims fail. Regardless of whether Eleventh Amendment immunity applies to plaintiffs' request for declaratory or injunctive relief against the State of Virginia, plaintiffs' claim of abridgement of her constitutional right to vote fails, as set forth below, pursuant to the clear holding of the United States Supreme Court in *Richardson v. Ramirez*.

## II. Second Amendment Right to Keep and Bear Arms

Although plaintiff White does not specifically object to the Magistrate Judge's recommendation on this issue, she clearly has no Second Amendment right to possess a firearm. In *District of Columbia v. Heller*, 552 U.S. 1035 (2007), the Supreme Court recognized an individual right to bear arms but also held that "[l]ike most rights, the right to [bear arms] secured by the Second Amendment is not unlimited." *Id*. at 626. More specifically, the Court noted that "nothing in our opinion should be taken to cast doubt on long standing prohibitions on the possession of firearms by felons . . ." *Id*. Relying on *Heller*, the Sixth Circuit has held that § 922(g)(1) is not unconstitutional, stating that "prohibitions on felony possession of firearms do not violate the Second Amendment," and "Congress's prohibition on felony possession of firearms is constitutional." *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (citing *United States v. Frazier*, 314 Fed. App'x 801, 807 (6th Cir. 2008)).

In sum, plaintiff, Danielle White, as a convicted felon, may constitutionally be prohibited from possessing a firearm. Furthermore, her requested relief, that of requiring the Sheriff of Greene County return to her a firearm seized during the investigation of the aggravated assault offenses, would immediately place her in jeopardy of having her probation/parole violated and additional criminal prosecution. As the Magistrate Judge cautioned, "plaintiff would be well-

advised to keep in mind that her possession of a firearm as a convicted felon constitutes a violation of federal law, as well as state law." Simply put, White's possession of a firearm would likely subject her to further criminal prosecution by both the federal and state governments, as well as subject her to potential sanctions as a result of the violation of her probation/parole.

Plaintiff does specifically object to the Magistrate Judge's R&R with respect to claims White attempts to assert on behalf of her minor sons. She claims that "the law prohibiting them from owning and using firearms[3] and the charge that it would violate my probation is and should be considered unconstitutional." The Magistrate Judge correctly finds, however, that White's sons' constitutional rights, if they have any, may not be vicariously asserted by her. A plaintiff must "assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Even if plaintiff could assert her sons' constitutional rights vicariously, she does not allege that her sons (or her husband) are somehow prohibited from owning and using firearms, only that her probation supervisor has instructed that plaintiff "is not to have any guns or weapons on the premises," i.e., in her home.

This objection lacks merit and is OVERRULED.

### III. Felony Disenfranchisement

Citing the Fifteenth Amendment to the United States Constitution, plaintiff avers in her complaint that the states of Tennessee and Virginia have unconstitutionally denied her the right to vote by their state laws disenfranchising persons convicted of a felony. She makes a number of policy arguments against such laws, all of which should be presented to the respective state

---

[3] The Court notes that plaintiffs' complaint does not allege that her minor sons have been prohibited from "owning and using" a firearm but rather that she has been instructed by her probation supervisor that she is not to have any firearms or weapons on the premises, presumably the same premises occupied by her sons.

4

legislatures; these arguments, however, have no legal significance in this case. Plaintiff's claim has been squarely foreclosed, as the Magistrate Judge found, by the United States Supreme Court's holding in *Richardson v. Ramirez*, 418 U.S. 24 (1974). Regardless of the policy arguments for or against such disenfranchisement statutes, this district court is bound by clear, existing Supreme Court precedent on this issue.

The exact nature of plaintiff's objection to the Magistrate Judge's finding with regard to *Richardson* is not completely clear. She appears to acknowledge the holding, simply asserting that "the case was originally won in the California Supreme Court" but that the Supreme Count justices who decided the case "are biased." She makes the largely incomprehensible argument that the justices "do not hold themselves up to the same standards as District Court judges" and "have failed to recuse themselves or to hold themselves up to scrutiny by not only denying cameras in the court but also by failing to identify themselves prior to reviewing a case." Regardless of the exact nature of plaintiff's argument, *Richardson* is still binding on this Court and on the plaintiff.

Plaintiffs' objection is OVERRULED.

**IV.    Conclusion**

For the reasons set forth herein, after *de novo* review of the Magistrate Judge's R&R, and for the reasons set forth in the R&R, which is incorporated by reference, plaintiff's objections to the R&R are OVERRULED, the R&R is ADOPTED AND AFFIRMED and made the order of this Court, and plaintiffs' complaint is DISMISSED WITH PREJUDICE.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

5